KEVIN B. SWEENEY, APPELLANT AND CROSS-APPELLEE, V. BRIDAL FAIR, INC., A CORPORATION, ET AL., APPELLEES AND CROSS-APPELLANTS, IMPLEADED WITH DONALD E. TAWZER, APPELLEE AND CROSS-APPELLEE.

237 N. W. 2d 138

Filed January 8, 1976. No. 40075.

Joel Davis of White, Lipp, Simon & Powers and Ronald J. Meltzer, for appellant.

Frederick B. Allen, Jr., of Schmid, Ford, Mooney, Frederick & Caporale, for appellees Bridal Fair, Inc., et al.

Heard before WHITE, C. J., BOSLAUGH, CLINTON, and BRODKEY, JJ., and MORAN, District Judge.

BOSLAUGH, J.

This was an action for a declaratory judgment to determine the rights of the parties in regard to an issue of additional stock in Bridal Fair, Inc., a corporation, which sells promotion plans to radio stations and other markets. The plaintiff and the defendants, other than the corporation, are stockholders in the corporation.

In 1971 the corporation was in financial difficulty because it was under-capitalized. At a special stockholders meeting on May 11, 1971, a resolution was adopted to increase the authorized capital stock of the corporation from $50,000 to $300,000; and further authorized 3,850 shares of additional capital stock to be issued and offered to the stockholders of the corporation at $13 per share in the same proportions as their existing stock ownership. The resolution was later amended to provide for the issuance of 1,000 shares at $50 per share. The original resolution also provided that a stockholder exercising his right to purchase additional stock was required to pledge his stock as security for a loan to be made to the corporation and to guarantee a proportionate share of the loan. The resolution further provided that the stockholders should tender payment in cash for the additional stock within 30 days from the date of the

resolution or forfeit all rights thereto in which event such shares of stock were to be issued to the majority stockholder.

All the stockholders were present at the May 11, 1971, meeting in person or by proxy. The plaintiff then owned 20 shares of stock and Don W. Burden owned 55 shares of stock. The other stockholders owned 10 or less shares each.

The 30-day period specified in the resolution ended on June 10, 1971. On that date the plaintiff and Donald E. Tawzer had submitted written acceptances of the offer together with payment for the shares to which they were entitled. The secretary-treasurer of the corporation received a written acceptance of the offer from Burden on June 5, 1971, but did not receive a check from Burden until June 11, 1971.

The controversy here is between Burden and the plaintiff and involves the right to purchase the shares of stock which were offered to stockholders who failed to comply with the terms of the resolution of May 11, 1971. The trial court found that Burden was the "majority stockholder" referred to in the resolution; that Sweeney, John Davis, and Tawzer had exercised their rights on June 10, 1971; and that Burden was entitled to purchase the shares of stock which had been offered to the other stockholders who had failed to comply with the terms of the resolution.

The plaintiff has appealed and contends that the trial court erred in finding that Burden was entitled to purchase the shares of stock which had been offered to stockholders who failed to comply with the resolution. The defendants, except Tawzer, have cross-appealed and contend that the trial court erred in finding that all defendants except Tawzer and Davis had forfeited their rights to purchase the additional stock. No issue is raised by any party concerning the validity of the provision in the resolution that the "majority stockholder"

was to be entitled to purchase the additional stock allotted to stockholders who forfeited their rights.

The plaintiff contends the majority stockholder should be determined as of the time the 30-day period specified in the resolution expired, and that since Burden failed to tender payment in cash within the 30-day period he forfeited his right to purchase the additional shares and the plaintiff then became the majority stockholder. The cross-appellees contend the forfeiture provision in the resolution conflicted with section 21-2016, R. R. S. 1943, and was invalid.

Section 21-2016, R. R. S. 1943, provides that no penalty working a forfeiture of a subscription to shares of capital stock of a corporation may be declared unless a written demand has been made for the amount due, and the amount due remains unpaid for a period of 20 days after the demand.

A subscription contract is an agreement to purchase original, previously unissued, shares of stock in a corporation. 4 Fletcher, Cyclopedia of the Law of Private Corporations (Perm. Ed.), § 1363.1, p. 19. Subscription agreements may be made before or after organization of a corporation. §§ 21-2002(6), 21-2016, R. R. S. 1943. See, also, 4 Fletcher, Cyclopedia of the Law of Private Corporations (Perm. Ed.), § 1372, p. 31; 18 Am. Jur. 2d, Corporations, § 288, p. 811; Reagan v. Midland Packing Co., 298 F. 500; Smith v. General Motors Corp., 289 F. 205. The acceptance of the offer to purchase additional stock to be issued as provided in the resolution constituted a subscription agreement.

The provision in the resolution relating to a forfeiture of the stockholder's rights for failure to pay the amount due within 30 days of May 11, 1971, was contrary to section 21-2016, R. R. S. 1943, and was unenforceable. Since Burden had accepted the offer before June 10, 1971, and paid the amount due on June 11, 1971, he remained the majority stockholder in the corporation.

The offer by its terms expired on June 10, 1971. The

stockholders who failed to comply with the resolution by accepting the offer on or before June 10, 1971, lost their rights to purchase additional stock in accordance with the resolution.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.